IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLOW HOLDINGS, INC., *Plaintiff* | |
| v. | No._____ |
| TRAVELERS INSURANCE, *Defendant* | |

## COMPLAINT

1.   Plaintiff Willow Holdings, Inc. is a Pennsylvania corporation with a principal place of business at 525 Willow Street, Reading, Pennsylvania (the "Property").

2.   Defendant Travelers Insurance is an insurance company licensed to do business in Pennsylvania with a principal place of business at P.O. Box 34235, Bethesda, Maryland.

3.   Jurisdiction is premised upon 28 U.S.C. §1332.  Venue is appropriate in the Eastern District of Pennsylvania, as a substantial part of the events giving rise to the claim occurred in this District.

4.   In April of 1996, Willow Holdings (then doing business as Neversink Brewery, Inc.) purchased a flood insurance policy for the Property in the amount of $135,000 from Aetna Casualty and Surety Company ("Aetna").

5.   The policy application, signed by Plaintiff's President William McShane, expressly requested "contents" insurance for the basement of the Property.  (A copy of the April

4, 1996 Flood Insurance Application is annexed hereto as Exhibit A.)

6. Plaintiff, Plaintiff's insurance agent Mast and Moyer, Inc., and Aetna all understood and intended the Property to be insured with "contents" coverage for the Property's basement.

7. Consistent with its intent as expressed in the policy application, Plaintiff at all times utilized only the basement of the Property for contents storage.

8. Indeed, the Aetna flood application policy specifies that contents are located in "basement only."

9. In exchange for the basement contents flood insurance in the amount of $135,000, Plaintiff paid a premium of $999 a year.

10. On June 22, 2001, a sewer back up flooded the Property's basement and damaged its contents.

11. Damage to the contents of the Property's basement was $22,087.24.

12. Because Plaintiff believed it had purchased and paid for flood coverage for the contents of the Property's basement, Plaintiff filed a claim with Defendant (which had assumed Aetna's contractual obligation to provide flood insurance coverage) for the value of the lost contents.

13. Despite the fact that Plaintiff signed an insurance application requesting contents flood coverage for the basement of the Property, and had paid a substantial annual premium for such coverage, Defendant denied coverage.

14. Defendant's basis for denial was its assertion that Plaintiff never had purchased a

contents policy for the basement of the Property.  (A copy of the relevant insurance policy issued by Defendant is annexed hereto as Exhibit B.)

15. In essence, Defendant took the position that Plaintiff paid an annual $999 premium (expressly charged for the provision of contents coverage of the Property's basement) for nothing.

## COUNT I
## BREACH OF CONTRACT

16. Plaintiff repeats and realleges the allegations in paragraphs 1 through 15 as if stated more fully herein.

17. As a result of Defendant's failure to provide coverage for Plaintiff's flood damage to the contents of its basement, Plaintiff has been forced to assume liability for $22,087.24 in damages.

18. At all times, Plaintiff, Aetna and Plaintiff's insurance agent understood and believed that Plaintiff in 1996 had acquired contents coverage for the basement at 525 Willow Street.

19. Defendant is obligated to provide coverage under the applicable flood insurance policy for all damage caused to the contents of the Property's basement, and its failure to do so violates its contractual duties under the relevant insurance policy.

WHEREFORE, Plaintiff Willow Holdings, Inc. respectfully requests this Court enter judgment in its favor and against Defendant Travelers Insurance for actual damages, plus interest, attorneys' fees and costs and such other relief as the Court deems just and proper.

## COUNT II
## ESTOPPEL

20. Plaintiff repeats and realleges the allegations in paragraphs 1 through 19 as if stated more fully herein.

21. Based on the circumstances set forth in this Complaint, Defendants are estopped from now denying coverage for a provision of contents coverage in the basement, based upon Plaintiff's reasonable reliance as set forth herein.

WHEREFORE, Plaintiff Willow Holdings, Inc. respectfully requests this Court enter judgment in its favor and against Defendant Travelers Insurance for actual damages, plus interest, attorneys' fees and costs and such other relief as the Court deems just and proper.

## COUNT III
## BAD FAITH PURSUANT TO 48 PA. C.S.A. SECTION 8371

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 21 as if stated more fully herein.

23. Defendant's conduct in knowingly accepting premium from Plaintiff for coverage which it now contends it never provided, failing to reimburse the premium upon this information being provided to it, and otherwise acting as discovery shall reveal constitutes bad faith conduct pursuant to 48 Pa. C.S.A. §8371.

24. Defendant's conduct described herein is outrageous, willful, wanton and recklessly indifferent to the rights of others such that punitive damages are warranted.

4

WHEREFORE, Plaintiff Willow Holdings, Inc., respectfully requests this Court to enter damages as provided in 48 Pa. C.S.A. §8371.

                                  BARLEY, SNYDER, SENFT & COHEN, LLC

Date:_____      By:_____
                                            Ronald H. Pollock, Jr., Esquire
                                            Matthew H. Haverstick, Esquire
                                            Attorneys for Plaintiff
                                            126 East King Street
                                            Lancaster, PA  17602-2893
                                            (717) 299-5201
                                            Court I.D. No. 52586
                                            Court I.D. No. 85072

5

**VERIFICATION**

I, WILLIAM McSHANE, Chief Executive Officer of Willow Holdings, Inc., hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Dated: _____          _____
                                                                William McShane

06/25/02/MHH/1070490.1