IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Willow Holdings, Inc.. <br><br> Plaintiff <br><br> v. <br><br> Travelers Insurance <br><br> Defendant | CIVIL ACTION – LAW <br><br> No. 02-CV-3229 |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come Defendant, THE STANDARD FIRE INSURANCE COMPANY (Standard Fire), appearing herein in its "fiduciary capacity"[1] as the "fiscal agent of the United States"[2] and at the expense of the U.S. Treasury,[3] and files this Answer and Affirmative Defenses to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Travelers Insurance Company is mistakenly named as the defendant in this matter. The Travelers Insurance Company did not issue the policy of insurance at issue in the case at bar. Thus, there is no privity of contract between the Plaintiff and The Travelers Insurance Company and Plaintiff has no right of action and no cause of action against The Travelers Insurance

---

[1] 44 C.F.R. C.F.R. part 62.23(f).

[2] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] *Van Holt v. Liberty Mutual Insurance Co.,* 163 F.3d 161, 165 (3rd Cir. 1998)(on panel rehearing).

Company.[4]  The proper defendant in this matter is The Standard Fire Insurance Company. The Standard Fire Insurance Company is a Write-Your-Own (WYO) Program Carrier participating in the U.S. Government's National Flood Insurance Program, as per the National Flood Insurance Act of 1968, as amended. The Standard Fire Insurance Company issued to Plaintiff the Standard Flood Insurance Policy in dispute in the case at bar.

## SECOND DEFENSE

The Plaintiff's Complaint fails to state a claim upon which this Court may grant relief. Therefore, Plaintiff has no cause of action and no right of action as to Defendant.

## THIRD DEFENSE

Answering the specific allegations of the Plaintiff's Complaint, Defendant, The Standard Fire Insurance Company, responds as follows:

1. The allegations contained in Paragraph 1 of the Plaintiff's Complaint do not require an answer.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint are admitted only insofar that there is diversity of citizenship.  All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.  Answering further, pursuant to 42 U.S.C. § 4072, this Court has "original exclusive" subject matter jurisdiction over this dispute and venue is proper in the Eastern District of Pennsylvania.  See *Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161 (3rd Cir.1998) (on panel rehearing).  In addition, this Court has jurisdiction pursuant to

---

[4]  In the event that the Plaintiff does not amend its Complaint to name the proper party Defendant, or should the Court find that Travelers should not be dismissed, Travelers joins in the Answers and Affirmative Defenses asserted below on behalf of Standard Fire herein.

28 U.S.C. §1331 as interpretation and coverage under the Standard Flood Insurance Policy (SFIP), a codified federal law, necessarily raises a federal question.

4. The allegations contained in Paragraph 4 of the Complaint are denied as written. Answering further, Standard Fire admits that Aetna Casualty and Surety Company, in its capacity as a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et. seq.*), did issue a Standard Flood Insurance Policy (SFIP) bearing number 6002618723 to the entity Neversink Brewery. Furthermore, the SFIP is itself a codified law found in its entirety at 44 CFR Pt. 61, App. A(2).

5. The allegations contained in Paragraph 5 of the Plaintiff's Complaint are admitted only insofar as the document attached as Exhibit A to the Plaintiff's Complaint speaks for itself. All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the Application for flood insurance which requested "contents" insurance for the basement of the entity named Neversink Brewery does not apply in this matter as the entity named Neversink Brewery is not the named insured under the policy bearing number 6-0013-4653-2 which is the flood policy at issue herein. The named insured under the policy bearing number 6-0013-4653-2 is Willow Holdings, Inc.

6. The allegations contained in Paragraph 6 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted only insofar as the Application for flood insurance for the entity Neversink Brewery which is attached to the

Complaint as Exhibit A speaks for itself. All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

10. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

11. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are denied as written. Answering further, upon information and belief, Plaintiff, Willow Holdings, Inc., is not the named insured on the policy of flood insurance issued to the entity Neversink Brewery bearing number 6002618723 which is the application attached to the Complaint as Exhibit A. Further, the policy bearing number 6002618723 was non-renewed at the request of the entity Neversink Brewery effective 4/2/99.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied as written. Answering further, the policy bearing number 6-0013-4653-2 was originally issued in 1991 to the entity named Sheerlund Properties. In 1996, the name insured on the policy bearing 6-0013-4653-2 was amended to Willow Holdings, Inc. Further, the SFIP which is attached as Exhibit B is a federal codified law found in its entirety at 44 C.F.R. Pt. 61, App. A(2).

15. The allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied.

## COUNT I
## BREACH OF CONTRACT

16. Defendant repeats and reincorporates all the defenses in Paragraphs 1 through 15 as if copied *in extenso* herein.

17. The allegations contained in Paragraph 17 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

18. The allegations contained in Paragraph 18 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify to a belief therein.

19. The allegations contained in Paragraph 19 of the Plaintiff's Complaint are denied as written. Answering further, the named insured on the flood policy bearing number 6-0013-4653-2 at issue herein is Willow Holdings, Inc. However, upon information and belief, Plaintiff is basing its claim under the policy originally issued to Neversink Brewery which is policy bearing number 6002618723 which was non-renewed effective 4/2/99. As for the contents located in the basement, coverage is limited under Article III, Coverage B(4) of the Standard Flood Insurance Policy.

Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief immediately following Paragraph 19 of the Complaint.

## COUNT II
## ESTOPPEL

20. Defendant repeats and reincorporates all the defenses in Paragraphs 1 through 19 as if copied *in extenso* herein.

21. The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied. Answering further, Defendant, acting in its capacity as a fiscal agent of the United States, may not be estopped on the same terms as any other litigant in denying coverage. *Gowland v. Aetna*, 143 F.3d 951 (5th Cir.1998); *Mancini v. Redland Ins. Co.*, 248 F.3d 729 (8th Cir. 2001).

Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief immediately following Paragraph 21 of the Complaint.

## COUNT III
## BAD FAITH PURSUANT TO 48 PA.C.S.A. SECTION 8371

22. Defendant repeats and reincorporates all the defenses in Paragraphs 1 through 21 as if copied *in extenso* herein.

23. The allegations contained in Paragraph 23 of the Plaintiff's Complaint are denied. Answering further, all extra-contractual state law claims are preempted and barred as per *Neill v. State Farm Fire and Cas. Co.,* 159 F.Supp.2d 770 (E.D. Pa. 2000).

24. The allegations contained in Paragraph 24 of the Plaintiff's Complaint are denied. Answering further, punitive damages are not allowed as such damages are preempted and barred as per *Neill v. State Farm Fire and Cas. Co.,* 159 F.Supp.2d 770 (E.D. Pa. 2000). See also *Eddins v. Omega Ins. Co.*, 825 F.Supp. 752 (N.D. Miss. 1993). Further, Defendant denies that Plaintiff is entitled to the damages under 42 Pa.C.S.A. §8371 following Paragraph 24 of the Plaintiff's Complaint.

AND NOW, Defendant asserts the following Affirmative Defenses to the Plaintiff's claims:

### FOURTH DEFENSE

The policy of flood insurance bearing number 6002618723 with the named insured Neversink Brewery was non-renewed effective 4/2/99. Thus, no claim may be presented thereunder.

### FIFTH DEFENSE

The policy of flood insurance bearing number 6-0013-4653-2 is the policy issued to Plaintiff, Willow Holdings, Inc. It is the flood policy sued herein. Neversink Brewery is not an additional named insured under the policy bearing number 6-0013-4653-2. Thus, Willow

Holdings, Inc. cannot make a claim on behalf of Neversink Brewery as Neversink Brewery is a separate entity and not an additional named insured under the policy at issue herein.

## SIXTH DEFENSE

Upon information and belief, the Plaintiff is making a claim for damages for contents stored in the basement of the unit owner, Neversink Brewery. Thus, the Plaintiff's policy does not cover damages for contents owned by the unit owner. The unit owner must carry its own insurance policy.

## SEVENTH DEFENSE

Defendant pleads the exclusions to coverage found at 44 C.F.R, Pt. 61, App. A(2), Article III, Coverage B(4), as coverage is limited as specifically set forth therein for items located in basements and building enclosures below the lowest elevated floors of an elevated post-FIRM building.

## EIGHTH DEFENSE

There is no Proof of Loss meeting the requirements of Article VII(J)(4) of the Standard Flood Insurance Policy.

## NINTH DEFENSE

Plaintiff failed to document the loss with all bills, receipts, and related documents for the amount being claimed as per Article VII(J)(3) of the Standard Flood Insurance Policy.

## TENTH DEFENSE

The Insuring Agreement of the Plaintiff's Standard Flood Insurance Policy ("SFIP" or the "Flood Policy") insures "against all direct physical loss by or from flood to the insured property" and then only to the extent allowed by the National Flood Insurance Act of 1968, as amended (42

U.S.C. §4001, *et seq*.). Therefore, any damages not caused *directly* by or from flood are not afforded coverage under the Flood Policy.

**ELEVENTH DEFENSE**

The Flood Policy, 44 C.F.R. Pt. 61, App. A(2) Article VII(R), states that the Plaintiff may not file suit unless it has "complied with all the requirements of the policy." (emphasis added) Plaintiff in the case at bar has failed to comply with the requirements set forth at 44 C.F.R., Pt. 61, App. A(2), Art. VII(J), as more fully set forth below. Therefore, Plaintiff has breached the terms of the Flood Policy. Accordingly, Plaintiff has no cause of action against Defendant.

**TWELFTH DEFENSE**

Plaintiff has failed to comply with the provision of the Flood Policy that requires the Plaintiff "within 60 days after the loss, send us a proof of loss, which is your statement as to the amount you are claiming under the policy, signed and sworn by you," detailing with particularity the required information contained in 44 C.F.R., Pt. 61, App. A(2), Art. VII(J)(4). The U.S. Fifth Circuit in *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) held " that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Because of the failure to comply with the proof of loss requirement, Plaintiff's claims are barred.

**THIRTEENTH DEFENSE**

Plaintiff has failed to comply with the provision of the Flood Policy, 44 C.F.R., Pt. 61, App. A(2), Art. VII(J)(3), which requires the insured to " prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents."

**FOURTEENTH DEFENSE**

The Standard Flood Insurance Policy in question in this lawsuit was written by the United States Government (not by Defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(2). As the Federal Government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP. Furthermore, 44 C.F.R. Pt. 61, App. A(2), Art. IX – What Law Governs – clearly states that the Flood Policy "is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 as amended (42 U.S.C. §4001, *et seq*.) and federal common law."

**FIFTEENTH DEFENSE**

The provisions of the Flood Policy, as an insurance policy issued pursuant to a federal program, must be strictly interpreted and construed. *Mahood v. Omaha Property & Cas.,* 174 F.Supp.2d. 284, (E.D.Pa. 2001); *Brookville Mining Equip Corp. v. Selective Ins. Co. of Amer.,* 74 F.Supp.2d 477 (W.D. Pa. 1999); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947); and *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990). Thus, strict compliance with said provisions are required of all parties.

**SIXTEENTH DEFENSE**

Claims payments pursuant to the Flood Program are paid out of the U.S. Treasury. See 44 C.F.R. §62.23(i)(1) and (6), and 44 C.F.R. Pt. 62, App. A, Art. II(F) and Art. III(C) and (D). Thus, all payments under the Flood Program must be in conformity with the Appropriations Clause of the U.S. Constitution.

**SEVENTEENTH DEFENSE**

Because claims payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest are barred by the "no interest rule." The doctrine of sovereign immunity prohibits such a prejudgment interest award as a direct charge on the U.S. Treasury. *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001), *rehearing denied*, 263 F.3d 172 (11th Cir. 2001); see also *In re Estate of Lee v. NFIP*, 812 F.2d 253, (5th Cir. 1987. Postjudgment interest is not recoverable in a claim under the flood insurance policy. *Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258 (10th Cir. 1989).

**EIGHTEENTH DEFENSE**

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by Defendant. No action taken by Defendant can constitute a waiver of any of its rights. As a matter of federal law, the only authority who may make any type of waiver or amendment to the Standard Flood Insurance Policy is the Federal Insurance Administrator, and this must be done in writing. See 44 C.F.R Pt. 61, App. A(2), Art. VII(D) and 44 C.F.R. §61.13(d). To date, no evidence of any such waiver has been presented to Defendant.

**NINTEENTH DEFENSE**

The question of whether the Plaintiff is entitled to any federal benefits, and if so how much, is strictly governed by the Flood Policy's declarations page, and all of the Flood Policy's terms and conditions as set forth in the SFIP at 44 C.F.R. Pt. 61, App. A(2), together with all applicable provisions of the Code of Federal Regulations, as well as the National Flood Insurance Act itself.

**TWENTIETH DEFENSE**

All persons are charged with the knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiff's Flood Policy is a codified federal law, i.e., 44 C.F.R. Pt. 61, App. A(2), Plaintiff is charged with the provisions and the requirements of the Flood Policy. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). Accordingly, failure to comply with the provisions of the Flood Policy and Code of Federal Regulations is solely the responsibility of the Plaintiff. Therefore, Defendant is in no way liable for the actions or inactions taken by the Plaintiff or its agents in the instant matter.

**TWENTY-FIRST DEFENSE**

Pursuant to 44 C.F.R. §61.5(e), the Standard Flood Insurance Policy is authorized only under the terms and conditions established by federal statute, the Flood Program's regulations, the Administrator's interpretations, and the express terms of the Flood Policy itself. Accordingly, representations that are not consistent with the National Flood Insurance Act of 1968, as amended, or the Flood Program's regulations, are void.

**TWENTY-SECOND DEFENSE**

All of the Plaintiff's extra-contractual state-law-based claims that arise out of the SFIP are preempted and barred by federal constitutional, statutory, and regulatory law. See *Neill v. State Farm*, 2000 WL 1886573 (E.D. Pa. 2000). In addition, the States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury funds. See the McCarren-Ferguson Act, 15 U.S.C. §1011, *et seq.*, specifically 15 U.S.C. §1012(b). Accordingly, Defendant requests that this Court immediately dismiss the Plaintiff's claims for extra-contractual state-law-based remedies, such as claims for interest,

attorney's fees, and punitive damages under 42 Pa.C.S.A. §8371 as said claims fail to state a claim upon which relief may be granted.

### TWENTY-THIRD DEFENSE

Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance and Mitigation Administration to issue the Standard Flood Insurance Policy on behalf of the Federal Government under Defendant's logo.  Defendant agrees to issue these Flood Policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance and Mitigation Administration and the Federal Emergency Management Agency.  Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program.  The Federal Insurance and Mitigation Administration is the sole authority.

### TWENTY-FOURTH DEFENSE

The SFIP in question in this lawsuit was written by the United States Government, pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(2).  As the Federal Government is the ultimate underwriter of the National Flood Insurance Program, it has determined that federal (not state) law governs all claims regarding the NFIP.

### TWENTY-FIFTH DEFENSE

If there was no meeting of the minds between the parties as to the object to be insured, then the Flood Policy is void. See *Kelly v. Standard Fire Ins. Co.*, 1994 WL 905630 (S.D. Fla. Sept. 19, 1994).

WHEREFORE, Defendant, The Standard Fire Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, that Plaintiff's claims for

extra-contractual state-law based remedies be dismissed and stricken immediately, and that after all due proceedings are had, that there be a judgment herein in favor of Defendant The Standard Fire Insurance Company, and against the Plaintiff, dismissing Plaintiff's suit at its cost.

    Respectfully submitted:

    THOMAS, THOMAS & HAFER, LLP

DATED:    By_____
    James K. Thomas, II, Esquire
    305 North Front Street
    P.O. Box 999
    Harrisburg, PA  17108-0999
    Telephone:  717-237-7100

    Attorney for Defendant, The Standard Fire Insurance Company

    NIELSEN LAW FIRM, LLC
    Gerald J. Nielsen, Esq.
    La. Bar No. # 17078
    The Pelican Building
    2121 Airline Drive, Suite 200
    Metairie, Louisiana 70001
    Telephone: (504) 837-2500

    Of counsel for Defendant, The Standard Fire Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following individual at his address by depositing same in the United States mail, postage pre-paid:

Ronald H. Pollock, Jr., Esquire
Matthew H. Haverstick, Esquire
Barley, Snyder, Senft & Cohen, LLC
126 E. King Street
Lancaster, PA  17602-2893

                        THOMAS, THOMAS & HAFER, LLP

DATED:  August 5, 2002      By:_____
                                      James K. Thomas, II, Esquire
                                      Attorney I.D. No. 15613
                                      David L. Schwalm, Esquire
                                      Attorney I.D. No. 32574
                                      Attorneys for Defendant
                                      305 North Front Street
                                      P.O. Box 999
                                      Harrisburg, PA  17108-0999